UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

YAR SAR ALI,

    Petitioner,

        v.                          CAUSE NO. 3:26-CV-167-CCB-SJF

BRIAN ENGLISH,

    Respondent.

**OPINION AND ORDER**

Immigration detainee Yar Sar Ali, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition. ECF 7. While Ali did not file a reply brief, the time for him to do so expired on March 25, 2026, and he has not asked for an extension. ECF 3. The petition is ready to be decided.

BACKGROUND

Ali is a Burmese citizen who entered the United States as a refugee in 2013. ECF 7-1 at 31. On April 28, 2021, he was convicted of a criminal offense in Texas. *Id.* at 32. On January 4, 2022, an immigration judge ordered him removed to Burma.[1] *Id.* at 22-23. On January 14, 2022, Immigration and Customs Enforcement (ICE) released him on an Order of Supervision after finding no significant likelihood of removal within the

---

[1] The country of Burma is also known as Myanmar.

foreseeable future. *Id.* at 32. On August 11, 2025, ICE detained him again, and he is currently held at the Miami Correctional Facility. ECF 7-2 at 3.

On February 25, 2026, the respondent filed a status report representing that the government intended to remove Ali to China and that it was unlikely that Ali would be removed within the next thirty days. ECF 6. However, in the response brief, the respondent now represents that ICE intends to remove Ali to Burma. ECF 7 at 3. He relies on an affidavit in which an ICE official attests, "[ICE] intends to remove [Ali] to Burma and assesses that there is a significant likelihood that he will be removed to Burma in the reasonably foreseeable future. [ICE] is engaged in ongoing efforts to effectuate [Ali's] removal to Burna, to include, facilitating [Ali's] completion of a travel document request for submission to the government of Burma on February 26, 2026." ECF 7-2 at 3.

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Ali's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Regarding the merits of the petition, the respondent first argues that Ali's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[2] which for Ali ended four years ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the

---

[2] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Ali has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondent identifies Burma as the sole country under consideration for removal. In 2022, the government concluded that removal was not likely to occur within the reasonably foreseeable future after holding Ali for just ten days. His immediate term of detention now spans eight months. The court finds that this showing suggests that Burma will refuse to accept Ali for removal and constitutes good reason to believe that there is no significant likelihood of Ali's removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers an attestation that the government submitted a request for travel documents to Burma on February 26, 2026. This showing does not persuade the court that Ali's removal is likely to occur within the reasonably foreseeable future. It does not explain why efforts to remove Ali to Burma will be successful now when the government determined that removal to Burma would not occur within the foreseeable future in 2022. It also does not adequately explain why the government has not yet obtained travel documents from Burma after eight months of detention and two months after requesting travel documents. The government provides no insight as to when Burma might reach a decision or the likelihood that Burma will issue the travel documents. Consequently, the court finds that the respondent has not adequately demonstrated that Ali's removal is reasonably foreseeable. Therefore, the respondent must release Ali.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondent to release Yar Sar Ali on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **April 20, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on April 16, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT